CENTRE TURNPIKE CO. *v.* ABRAHAM VANDUSEN.

ADDISON,
*January,*
1838.

A turnpike company can only collect toll at their gate.

Where a person travelled on a turnpike road, but before he came to the gate turned off on a public highway, and did not enter the turnpike again but came into the public highway, leading from the termination of the turnpike, although he thus turned off with intent to evade the toll at the gate ;–Held, he was not liable to the penalty under the 4th section of the act of 1806, in addition to the act incorporating the centre Turnpike Co.

TRESPASS on the case, to recover a penalty imposed by an act of the legislature, for travelling upon the plaintiffs' road, and turning out of and again entering said road, with intent to evade the payment of toll. Plea—not guilty. Issue to the country.

Upon the trial in the County Court, it apeared that the road of said company, led from Hancock to a bridge across Middlebury river ; that the only gate upon said road was in Ripton, and at this gate double toll, or toll for two gates, was taken ; that a few rods east of said gate, there was a public highway leading north from said turnpike road about a mile, thence westerly until it entered another public highway, some two or three rods west of the north end of said bridge ; that this latter highway commenced, and said turnpike road terminated, at the north end of said bridge. The plaintiffs offered evidence tending to prove, that the defendant travelled upon the said turnpike road, from Hancock to the road east of said gate, leading from said turnpike north and west ; that he there left the turnpike and travelled upon the said road leading north and west, until he entered the highway leading west from the termination of said turnpike road, and did not again enter upon the said turnpike road.

Upon these facts, the defendant requested the court below to charge the jury ;—that if they found that the defendant, after leaving said turnpike, east of the gate, travelled upon a public highway and did not again enter upon the turnpike, their verdict should be for the defendant. The court refused so to charge the jury, and instructed them, that, if they found that the defendant left said turnpike road east of the gate, and travelled upon the highway leading into the road west of the termination of said turnpike road, with intent to evade the payment of toll, at said gate, they should find for the plaintiffs to recover the penalty imposed by said act of the legislature.

The jury returned a verdict for the plaintiffs, and the defendant excepted to the charge of the Court.

*Briggs & Barber*, for defendant.

The statute must be strictly construed for the benefit of citizens. Swift's Dig. 12.

By the common law, every citizen has a right to travel upon any public highway, without an inquiry being made as to his intentions. Private statutes are not to receive such a construction as will take away a common law right, unless such appears to have been the manifest intention of the legislature, expressed in the act. *Melody* v. *Reab*, 4 Mass. R. 471. A private statute ought to be so construed, if the words and subject matter will admit of such a construction, that the existing rights of the public and of individuals shall not be taken away nor infringed. *Wales, treas.* v. *Stetson*, 2 Mass. 143—6. *Coolidge* v. *Williams*, 4 do. 145

The plaintiffs, having consolidated their two gates, cannot complain if persons travel upon their road, without paying toll. The loss accrues to them, in consequence of their having voluntarily given up a privilege granted them by their charter. They have no right to demand toll at any other place than at the gate or gates by them erected, in conformity with the provisions of the act of incorporation.

*C. Linsley*, for plaintiffs.

It being found by the verdict, that defendant turned out of the road, with a view to evade the legal toll, the only question is, did his coming out at the termination of the company's interest in the road legalize the fraud ? To give the act the construction contended for is wholly to lose sight of its spirit—to follow a narrow, technical reasoning, that leads to enormous results. In construing this act, the court are to consider the evil or mischief of which the company complained, and the remedy the legislature intended to provide. They intended that persons should not have the benefit of the road, without paying a compensation to the company. If an individual, before coming to a gate, turn off to go to another place, or to proceed by another way, the company have no claim. But if he turn off to evade the toll, designing to enter, and actually entering, the same road, the moment he has passed that part of it owned by the company, it is again entering the road, within the meaning of the act.

It has been said that this is a suit for a penalty, and the act must be construed strictly. But when a law gives a corporation a remedy for an actual injury, and fixes the damages, it is not in the nature of a penalty, but of ascertained damages. Acts giving double or treble damages, for actual injuries, are not in the nature of penalties.

The opinion of the court was delivered by

WILLIAMS, C. J.—The question in this case is, whether the defendant has incurred the forfeiture under the act, in addition to the act, incorporating the Centre Turnpike Co., passed Nov. 7, 1806. The clause of the statute, under which it is contended the penalty was incurred, is as follows :

" If any person shall, with his carriages, cattle or horses, turn
" out of said road to pass any of said gates, and again enter
" the said road, with intent to evade the legal toll, due at
" said gates, or shall otherwise, without force, pass such gate
" without paying such toll, and with an intent to defraud
" said company of said toll, such person shall forfeit," &c.
The defendant, having travelled the turnpike to within a few rods of the gate, turned off into a public highway, and did not again enter the turnpike road. The county court charged the jury, in substance, that if the defendant thus left the turnpike, with intent to evade the toll, he would be liable for the penalty.

The statute in question was evidently intended to prevent persons from passing around the gate, or from making private paths and roads around it, so as to enable those disposed to do so, to travel the turnpike, and evade the payment of toll. It must be construed so as to give effect to this intention of the legislature, but cannot be extended to a case unforseen and unprovided for, and which, if it had been foreseen, it is, at least, doubtful whether any legislative provisions would have been made to prevent. The only method by which the plaintiffs can collect their toll, is by receiving it at the gate. If a person travels the whole extent between the gates, ever so often, but does not pass the gate, no toll can be exacted of him. The defendant did not pass the gate, erected by the plaintiffs, but he left their road before coming to it. He cannot, therefore, be said to have passed the gate,. with an intent to defraud the company, as he did not again enter the turnpike. His only fault was in leaving the

ADDISON,
January,
1838.

Turnpike Co.
v.
Vandusen.

road before he came to the gate, with a view to evade the toll. Now, whether this motive induced the defendant to forego travelling on the turnpike at all, or to end his journey before he came to the gate, or to leave the turnpike and travel on another road, we apprehend, cannot be made a subject of inquiry. To subject a person to the penalty of the statute, it must appear that he turned out of the road to pass the gate, and again entered and travelled upon it, but if he left the turnpike before he came to the gate, turned off in a public road, passed the termination of the turnpike, without again entering upon it, and then passed oft in any of the public roads, he violated no rights of the plaintiffs, granted them by the statute. Again, it appears, that the defendant, when he left the turnpike, travelled on a public highway. Whether it was proper or expedient, to lay out and establish such a highway, which might impair or injure a grant made of a turnpike, is a question which cannot arise in this case. So long as a public highway was established, the intent, with which a person travels upon it, is not to be questioned, nor may we inquire what motive induced him to make use of any one, rather than the other, of the means and facilities for travelling provided by the public. It was, therefore, wholly immaterial whether the defendant elected to go a greater distance on a public highway, rather than to travel the turnpike, because he wished to evade the toll, or had any other motive for so doing.

The charge to the jury was erroneous, and the judgment of the County Court must, therefore, be reversed.